UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No:   6:19-cr-48-Orl-18GJK

RONDRE ANTWAN POWELL,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant's Unopposed Motion to File Sentencing Memorandum and Appendix Under Seal (Doc. 99).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally

signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d 352, 356 (11th Cir. 1987). In regard to sealing documents, this means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1245-46.

Defendant seeks to seal the Sentencing Memorandum and its appendix because "it contains personal, private details of [Defendant] covered under the HIPAA Act." (Doc. 99, ¶ 3). The motion is unopposed (Id., at ¶ 4). The Court accepts Defendant's representation and finds that good cause has been shown, and Defendant's interest outweighs the public's interest in the Sentencing Memorandum and its appendix.

Accordingly, the motion is **GRANTED**. The Sentencing Memorandum and its appendix may be filed **UNDER SEAL.** The seal shall remain in force for a period of **one (1) year** from the rendition of this Order, pursuant to Local Rule 1.09(c). Any party may seek an extension of the seal on motion filed before the seal expires.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record